# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

Debra A. Vitagliano,

| Plaintiff | Case Number 7:22-cv-09370 |
|---|---|
| vs. | |
| County of Westchester; George Latimer, in his official capacity as County Executive of the County of Westchester; and John M. Nonna, in his official capacity as County Attorney of the County of Westchester, | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Jane Doe and Sally Roe (pseudonyms)

| Plaintiff | Case Number |
|---|---|
| vs. | 7:22-cv-06950-PMH |
| County of Westchester; George Latimer, Chief Executive of the County of Westchester, in his official capacity; County of Westchester County Department of Public Safety; Terrance Raynor, acting Commissioner of the Westchester Department of Public Safety, in his official capacity; New Rochelle Police Department; City of White Plains Department of Public Safety, | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed	(If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open	(If so, set forth procedural status and summarize any court rulings.)

Plaintiffs filed the complaint on August 15, 2022. [ECF No. 1.] On August 27, 2022, Plaintiffs filed pre-motion letters in connection with anticipated motions for a preliminary injunction [ECF Nos. 7, 10] and for leave to proceed under pseudonyms [ECF No. 9]. On September 15, 2022, the Court granted Plaintiffs leave to file their pseudonym motion and set a briefing schedule. [ECF No. 26.] The Court denied Plaintiffs' remaining requests without prejudice to renewal after a decision is rendered on the pseudonym motion. [Id.] Plaintiffs' pseudonym motion is fully briefed. [ECF Nos. 32, 33, 35, 38.]

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly filed case and the earlier filed case both assert pre-enforcement challenges to the constitutionality of the same law, the prohibition of sidewalk counseling outside of abortion clinics in Westchester County's Reproductive Health Care Facilities Access Act. Specifically, both cases allege that section 425(i) of the Act is a content-based restriction on speech, which violates the First Amendment, or that the law otherwise violates the proper level of constitutional scrutiny.

The cases involve the same or substantially similar parties, transactions, and events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and the absence of a determination of relatedness risks a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and witnesses. See Rule 13(a) for the Division of Business Among District Judges; Local Civil Rule 1.6.

Signature: /s/ Daniel M. Vitagliano	Date: 11/01/2022

Firm: The Becket Fund for Religious Liberty