

**George Latimer**
**County Executive**

**John M. Nonna**
**County Attorney**

December 16, 2022

Hon. Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, NY 10601
*Via ECF*

      Re:    *Vitagliano v. County of Westchester, et al.*, 22-cv-09370 (PMH)
              Related Case: *Doe, et al. v. County of Westchester, et al.*, 22-cv-06950 (PMH)

Dear Judge Halpern:

      I am the County Attorney for the County of Westchester, counsel for Defendant in the above-referenced action (as well as in the related case). I write, pursuant to Your Honor's Individual Rule of Practice 4(C), to request a pre-motion conference in anticipation of filing a motion to dismiss in this action.

      In this action, Plaintiff's sole claim is that Section 425.31(i)'s eight-foot no-approach zone is unconstitutional.[1] As Plaintiff herself recognizes, however, this section is modeled after, and nearly identical to, the Colorado statute upheld by the U.S. Supreme Court in *Hill v. Colorado*, 530 U.S. 703 (2000). The statute at issue in *Hill* created a 100-foot buffer zone around entrances to all healthcare facilities, in which a person could not knowingly approach within eight feet of another person, without that person's consent, for the purpose of "passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person." *Id.* at 707 & n.1. The *Hill*

---

[1] This differs from the related case where plaintiffs are challenging a multitude of provisions in the County's law.

Plaintiffs were anti-abortion "sidewalk counselors"—just as Plaintiff alleges she intends to be—who argued, as Plaintiff does here, that the law was content-based because it specifically regulated "oral protest, education, or counseling." The Supreme Court rejected that challenge, holding that the law was a narrowly tailored content-neutral time, place, and manner restriction. *Id.* at 724-735.

*Hill* is directly on point and binding here, and remains controlling precedent unless and until the Supreme Court overturns it. *See, e.g.*, *United States v. Quinones*, 313 F.3d 49, 69 (2002) (explaining that U.S. Circuit Courts must adhere to U.S. Supreme Court precedent); *see also Price v. City of Chi.*, 915 F.3d 1107 (7th Cir. 2019) (relying on *Hill* in upholding a Chicago bubble-zone ordinance). The Plaintiff in this action apparently concedes as much, asserting that *Hill* was wrongly decided and should be overruled by the Supreme Court. *See* Compl. ¶¶ 6-7, 98. Moreover, the Supreme Court's decisions in *Reed* and *McCullen* do not abrogate *Hill's* core holding, despite the Complaint's allegations to the contrary (*see* Compl. ¶¶ 74-77, 98).

In any event, Plaintiff vastly overstates the effect of section 425.31(i). What Plaintiff dubs a total "prohibition" on certain types of speech is simply not one. Oral protest, education, and counseling are clearly allowed by Section 425.31(i), as long as they are not done while approaching within eight feet of an individual who has not provided consent. Individuals can easily hear conversational voices and view signs from eight feet away. *See Hill*, 530 U.S. at 729. People may also choose to stand close to the entrances of reproductive health care facilities and, without physically approaching individuals entering the facility, offer leaflets—even from a few inches away. *See id.* at 729-30.

Pursuant to Your Honor's Individual Rules, Defendant served Plaintiff with a letter on December 5, 2022 setting forth, *inter alia*, the deficiencies in the claim identified above. On December 9, 2022, Plaintiff responded, conceding that *Hill* is controlling and binding, and stating that Plaintiff would not amend. In other words, Plaintiff concedes that there is no legal basis for bringing this claim,

other than her disagreement with settled Supreme Court precedent, making this action ripe for dismissal. Thus, Defendant requests a pre-motion conference in anticipation of a motion to dismiss.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ *John M. Nonna*

John M. Nonna
County Attorney