

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

December 21, 2022

*VIA ECF*

Hon. Philip M. Halpern, U.S.D.J.
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St., Room 530
White Plains, NY 10601

**Re:** *Vitagliano v. County of Westchester*, 7:22-cv-09370 (PMH)
**Rel.** *Hulinsky v. County of Westchester*, 7:22-cv-06950 (PMH)

Dear Judge Halpern,

We represent Plaintiff Debra Vitagliano in the above-captioned matter. We write, pursuant to the Court's Individual Practices in Civil Cases ¶¶ 2.C, 4.C, in response to the County's letter requesting a pre-motion conference in connection with its anticipated motion to dismiss. Dkt. 28.

As the County notes, § 425.31(*i*) is modeled after the law upheld in *Hill v. Colorado*, 530 U.S. 703 (2000). *See* Dkt. 1 ¶¶ 6, 67, 98. Plaintiff acknowledges that "[*Hill*] remains on the books and directly controls here." *Price v. City of Chicago*, 915 F.3d 1107, 1119 (7th Cir. 2019) (affirming 12(b)(6) dismissal of challenge to similar law under *Hill*). Plaintiff's position is that *Hill* was wrongly decided, is irreconcilable with intervening precedent, and should be overruled by the Supreme Court.

Section 425.31(*i*) makes it illegal, within 100 feet of an abortion clinic, to "knowingly approach" within eight feet of another person "for the purpose of passing any material, item, or object to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person," "unless such other person consents." In *Hill*,



the Supreme Court upheld a materially identical law against a Speech Clause challenge. Yet in doing so, it "distorted First Amendment doctrines." *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2276 & n.65 (2022). And *Hill*'s reasoning has been repudiated by the intervening precedents of *Reed* and *McCullen*—as explained in detail in our complaint, Dkt. 1 ¶¶ 67-78, by the Seventh Circuit in *Price*, and by Justice Thomas's dissenting opinion in *City of Austin v. Reagan National Advertising of Austin, LLC*, 142 S. Ct. 1464, 1481, 1484, 1490-92 (2022) (Thomas, J., joined by Gorsuch and Barrett, JJ., dissenting).

The County says "*Reed* and *McCullen* do not abrogate *Hill*'s core holding" but does not elaborate on this assertion. If the County means to say only that this Court remains bound by *Hill* until the Supreme Court formally overrules it, Plaintiff agrees. *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 237-38 (1997). But if it means to suggest that *Hill* is somehow reconcilable with *Reed* and *McCullen*, it is incorrect—and this Court shouldn't hesitate to recognize as much in ruling on the County's motion. *See generally Price*, 915 F.3d 1107.

Indeed, in committee hearings leading to § 425.31(*i*)'s passage, the County Attorney cited *Price* and *City of Austin*'s "dissent excoriating *Hill*," warned that "[i]f this legislation … ever got [to the Supreme Court], I have real questions," and stated that "I think we know what the Supreme Court would rule if this ever got there," "so hopefully our legislation never gets to the Supreme Court." Joint Meeting of the Westchester County Legislature Committees on Health and Legislation, at 39:55-40:39, 1:53:11-1:53:17 (June 1, 2022), https://tinyurl.com/dxjv55hw; *see Goe v. Zucker*, 43

2



F.4th 19, 29 (2d Cir. 2022) ("courts may take judicial notice of legislative history" in ruling on motion to dismiss).

But for *Hill*, the First Amendment analysis here would be straightforward. Laws that restrict speech based on "its communicative content" trigger strict scrutiny. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). This standard is demanding—it requires the law to "further[] a compelling governmental interest and [be] narrowly tailored to that end." *Id.* at 171.

Section 425.31(*i*) is content-based, since whether the "approach" ban applies depends on what the speaker intends to say when she arrives. If she intends to "pass[] any material," display a sign, or "engag[e] in oral protest, education, or counseling," § 425.31(*i*), she has committed an offense. If she approaches to engage in speech for another purpose—for example, to ask for the time, for directions, or for a bus fare—it is permitted.

And the law cannot survive even intermediate—much less strict—scrutiny, because the County has numerous options for promoting clinic safety and access "without substantially burdening [Plaintiff's] speech." *McCullen v. Coakley*, 573 U.S. 464, 490 (2014). Indeed, other subsections of the *same law* prohibit, *e.g.*, obstructing access to abortion clinics; violence and other unwanted physical contact near clinics; following and harassing people near clinics; threats and intimidation of patients and employees; physically damaging clinics; and "interfer[ing]" (or attempting to interfere) with clinic operations. § 425.31(a)-(h); *see also* Dkt. 1 ¶¶ 63, 95 (collecting other applicable laws). All § 425.31(*i*) *adds* is a prohibition on peaceful, pro-life speech.



\*   \*   \*

Nonetheless, Plaintiff agrees that, for now, *Hill* remains binding on this Court and forecloses her claims. In the interest of judicial economy, this Court may therefore wish to dispense with formal briefing, treat Defendant's pre-motion letter as the motion, and dispose of it. *See* Individual Practices in Civil Cases ¶ 2.C. Alternatively, Plaintiff welcomes the opportunity to discuss this further at a pre-motion conference.

Plaintiff thanks the Court for its attention to this matter.

Respectfully submitted,

/s/ Mark L. Rienzi

Mark L. Rienzi
Joseph C. Davis
Daniel L. Chen
Daniel M. Vitagliano
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Ste. 400
Washington, D.C. 20006
mrienzi@becketlaw.org

*Counsel for Plaintiff*

4