UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA A. VITAGLIANO,

              Plaintiff,

-against-

COUNTY OF WESTCHESTER,

              Defendant.

**MEMORANDUM
OPINION AND ORDER**

22-CV-09370 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Debra A. Vitagliano ("Plaintiff") commenced this case on November 1, 2022 against the County of Westchester ("County" or "Defendant"). (Doc. 1, "Compl."). Plaintiff asserts a single claim for relief under 42 U.S.C. § 1983, alleging that Westchester County Law § 425(i) violates the First Amendment of the U.S. Constitution. (Compl. ¶¶ 79-98). Defendant filed a pre-motion conference letter in anticipation of its motion to dismiss on December 16, 2022, arguing that Plaintiff's claim is foreclosed by the Supreme Court's decision in *Hill v. Colorado*, 530 U.S. 703 (2000). (Doc. 28). Plaintiff responded on December 21, 2022, conceding that "*Hill* remains binding on this Court and forecloses [Plaintiff's] claims" and requesting that the Court "treat Defendant's pre-motion letter as the motion, and dispose of [this case]" (Doc. 29 at 4).

    Accordingly, the Court waives its pre-motion conference requirement, construes Defendant's pre-motion letter as its motion, and GRANTS the motion to dismiss for the reasons set forth below. *See Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022); *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (holding that the district court "acted within its discretion" in deeming a pre-conference letter as the party's motion and denying it when "the parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in [the] contemplated motion"); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)

("Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the sanctions argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.").

## BACKGROUND

Westchester County Law § 425.31(i) makes it unlawful for any person to:

> knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing any material, item, or object to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.

Westchester Cnty. Law § 425.31(i) ("Buffer Zone Provision"). "Approach" is defined as "to move nearer in distance to someone." *Id.* § 425.21(a). "Reproductive health care facility" is defined as "any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services," and "reproductive health care services" is in turn defined to include "services relating to pregnancy or the termination of a pregnancy." *Id.* § 425.21(k)-(l). Violations of the Buffer Zone Provision are misdemeanors punishable by fines and imprisonment. *Id.* § 425.41(a)-(b). The statute authorizes civil actions by abortion clinics, abortion-clinic employees, and their invitees related to violations of the Buffer Zone Provision, and further authorizes civil enforcement actions by the Westchester County Attorney "for injunctive and other appropriate equitable relief in order to prevent or cure a violation." *Id.* §§ 425.51, 425.61.

In February 2021, Plaintiff began participating in "prayer vigils, where she would stand and peacefully pray on the sidewalk and other portions of the public way outside the White Plains Planned Parenthood." (Compl. ¶ 26). Plaintiff does not currently—nor has she ever—participated in "sidewalk counseling," a practice that violates the Buffer Zone Provision wherein individuals

2

"approach[] women on their way into Planned Parenthood[,]" in order to speak with them and distribute pamphlets and other literature. (*Id.* ¶ 27). Plaintiff alleges that while she "felt called to engage in sidewalk counseling" (*id.* ¶ 28) she has never done so because "she felt she first needed proper training" (*id.* ¶ 29). Plaintiff alleges that she continues to refrain from engaging in sidewalk counseling, "[d]espite her earnest desire" to do so, "because of the [Buffer Zone Provision]." (*Id.* ¶ 64). She alleges that "[b]ut for the [Buffer Zone Provision], Plaintiff would engage in sidewalk counseling." (*Id.* ¶ 65). Plaintiff further alleges that she will be "irreparably harmed" by the Buffer Zone Provision "because of the chilling of her constitutionally protected speech." (*Id.* ¶ 66).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*. at 679. The presumption of truth "is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

I.      <u>Article III Standing</u>

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative"); *Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (dismissing claims for want of subject-matter jurisdiction *sua sponte* pursuant to the Court's "inherent authority to evaluate the existence of subject-matter jurisdiction under Rule 12(h)(3)").

"[C]onstitutional ripeness" can be seen "as a specific application of the actual injury aspect of Article III standing." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013). "Constitutional ripeness, in other words, is really just about the first *Lujan* factor—to say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not 'actual or imminent,' but instead 'conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (setting forth the various factors for courts to consider in determining constitutional standing)). Pre-enforcement First Amendment claims, such as the one Plaintiff brings here, are assessed "under somewhat relaxed standing and ripeness rules." *Id.* at 689. Nevertheless, "[a] plaintiff must allege something more than an abstract, subjective fear that his rights are chilled in order to establish a case or controversy." *Id.* (citing *Laird v. Tatum,* 408

4

U.S. 1, 13-14 (1972)). A plaintiff must allege "a real and imminent fear of such chilling" to satisfy Article III standing. *Id.*; *see also Kounitz v. Slaatten*, 901 F. Supp. 650, 654 (S.D.N.Y. 1995) (holding that the plaintiff failed to allege an injury in fact because he asserted "in the most general fashion" that he had been "chilled in the exercise of his First Amendment rights").

Plaintiff admits in her Complaint that she has never engaged in sidewalk counseling. (Compl. ¶ 29). Although Plaintiff alleges that she has an "earnest desire to engage in sidewalk counseling" she does not allege any concrete plans to do so at any point in the future. (*Id.* ¶ 64). Plaintiff has only alleged, "in the most general fashion," that that her exercise of free speech has been chilled by the enactment of the Buffer Zone Provision. This is distinguishable from the facts the Second Circuit considered in *Walsh.* 714 F.3d 682 (2d Cir. 2013). There, the plaintiff brought a pre-enforcement action challenging a New York statute regarding the designation of certain entities as "political committees" and argued that such designation would chill its right to distribute certain advertisements. *Id.* The plaintiff in *Walsh* attached to its complaint "several advertisements it wanted to broadcast *immediately*, not in the future." *Id.* at 691 (emphasis in original). In assessing ripeness, the Second Circuit noted that the advertisements that the plaintiff sought to immediately broadcast showed that its speech had been chilled and that "[f]or ripeness purposes, [plaintiff's] future plans are of less relevance." *Id.* Here, Plaintiff has no concrete plans, either in the immediate-term or in the future, to engage in sidewalk counseling. Plaintiff's concerns regarding the Buffer Zone Provision amount to nothing more than "abstract, subjective fear[s] that h[er] rights are chilled" and cannot therefore serve as the basis for Article III standing. *Id.* at 688. Indeed, Plaintiff mentions that she would need "proper training" before she would even consider sidewalk counseling. (Compl. ¶ 29).

Accordingly, the Complaint is dismissed for failure to establish Article III standing.

II.   *Hill v. Colorado*

Even if Plaintiff had established Article III standing, which she has not, her action is foreclosed by directly relevant Supreme Court precedent. The First Amendment, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." U.S. Const. Amend. I. Under that Clause, a government, including a municipal government vested with state authority, "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of Chicago v. Mosley,* 408 U.S. 92, 95 (1972). "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). The Supreme Court has also recognized "a separate and additional category of laws that, though facially content neutral, will be considered content-based regulation of speech: laws that cannot be 'justified without reference to the content of the regulated speech,' or that were adopted by the government 'because of disagreement with the message [the speech] conveys'" *Id.* (quoting *Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989)). "[A]bsent a content-based purpose or justification," a content-neutral regulation "does not warrant the application of strict scrutiny." *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1471 (2022).

As Plaintiff acknowledges, the Buffer Zone Provision is "materially identical" to the law the Supreme Court upheld in *Hill v. Colorado*, 530 U.S. 730 (2000). (Compl. ¶ 6). The statute at issue in *Hill* created a 100-foot buffer zone around entrances to all healthcare facilities, in which a person could not knowingly approach within eight feet of another person, without that person's consent, for the purpose of "passing a leaflet or handbill to, displaying a sign to, or engaging in

oral protest, education, or counseling with such other person." *Id.* at 707 & n.1. The *Hill* plaintiffs were anti-abortion activists engaged in sidewalk counseling who argued, just as Plaintiff does here, that the law was content-based because it regulated "oral protest, education, or counseling." *Id.* The Supreme Court rejected that argument and held that the law was content-neutral because "[i]t applies to all 'protest,' to all 'counseling,' and to all demonstrators whether or not the demonstration concerns abortion, and whether they oppose or support the woman who has made an abortion decision." *Id.* at 726.

Just like the law upheld in *Hill*, the Buffer Zone Provision "simply establishes a minor place restriction on an extremely broad category of communications with unwilling listeners." *Id.* at 723. The Buffer Zone Provision leaves open ample alternative channels of communication. Oral protest, education, and counsel are all allowed "as long as they are not done while approaching within eight feet of an individual who has not provided consent." (Doc. 28 at 2). People are free to distribute leaflets to approaching individuals if they "choose to stand close to the entrances of the reproductive health care facilities" so long as they do so "without physically approaching individuals entering the facility." (*Id.*). The Buffer Zone Provision is clearly narrowly tailored to advance Westchester County's significant governmental interest in protecting individuals attempting to enter health care facilities from "unwanted encounters, confrontations, and even assaults by enacting an exceedingly modest restriction on the speakers' ability to approach." *Hill*, 530 U.S. at 729.

Accordingly, the Supreme Court's decision in *Hill v. Colorado*, 530 U.S. 730 (2000) forecloses Plaintiff's claims as a matter of law and provides a separate and independent basis for the dismissal of the Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to (i) terminate the motion sequence pending at Doc. 28 and (ii) close this case.

**SO ORDERED.**

Dated: White Plains, New York
December 30, 2022

_____
PHILIP M. HALPERN
United States District Judge